# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:13CR00046 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **JEFFREY LEON BANKS,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Jeffrey Leon Banks is charged in this court with threatening to kill the President of the United States. In earlier proceedings, the defendant was found not competent to stand trial, and the court denied the government's motion to involuntarily medicate the defendant in an effort to restore him to competency.

Banks now moves for this court to dismiss the charges against him due to his continued incompetency. Because I find no support in the pertinent statutes or caselaw to dismiss the pending charges under the circumstances of this case, I will deny the motion. Instead, I will direct that he be considered for possible civil commitment based upon dangerousness.

I.

The facts of the case pertinent to the defendant's motion are as follows. On November 18, 2013, Banks was indicted on five counts of threatening to kill or harm the President of the United States in violation of 18 U.S.C. § 871, and five counts of mailing a threat to injure another, in violation of 18 U.S.C. § 876(c). The charges were based on letters allegedly sent by the defendant from Virginia's Keen Mountain Correctional Center, where he is an inmate serving a 15-year sentence for the 2005 second-degree murder of his wife. The letters in question described the defendant's belief in an elaborate conspiracy involving the FBI, celebrities, drug dealers, family members and classmates, the object of which was the rape of the defendant's daughters and subsequent cover-up. The letters declared the defendant's intent to kill everyone involved in the conspiracy, as well as President Obama.

Subsequent to his arraignment, the defendant was committed to the Bureau of Prisons for the purpose of a competency evaluation. *See* 18 U.S.C. § 4241(b). The court also directed that the evaluators report on the defendant's sanity at the time of his alleged offenses. *See* 18 U.S.C. § 4242(a). In a resulting written report, a Bureau of Prisons evaluator at the Metropolitan Correctional Center in New York concluded that the defendant suffered from schizophrenia and was not

sane at the time of his alleged offenses, nor was he competent to stand trial. (Competency to Stand Trial Evaluation, Feb. 27, 2014, ECF No. 28.)

Based on this report, and following a hearing, the magistrate judge found the defendant not competent to stand trial, and ordered him committed for the purpose of determining whether there is a substantial probability that the defendant will attain competency in the foreseeable future. *See* 18 U.S.C. § 4241(d)(1). Following a second examination, this time at the Federal Medical Center at Butner, North Carolina, it was reported that the defendant was still incompetent to understand the proceedings against him or assist in his defense. (Forensic Evaluation 14, Nov. 10, 2014, ECF No. 35.) Because the defendant had denied having mental health issues and refused to take medication, the evaluators examined the possibility of involuntarily medicating him. Based on their examination of the defendant, the evaluators recommended involuntarily medicating him, on the grounds that antipsychotic medication would be both necessary and substantially likely to restore the defendant's competency to stand trial, and the defendant would be unlikely to experience side effects from the medication. (*Id.* at 18-25.)

Based on this report, the government moved the court for permission to involuntarily medicate the defendant. Following an evidentiary hearing, the magistrate judge issued a Report and Recommendation, recommending that the

-3-

Case 1:13-cr-00046-JPJ-PMS   Document 68   Filed 09/10/15   Page 3 of 7   Pageid#: 371

government's motion for involuntary medication be denied. The magistrate judge concluded that special circumstances lessened the government's interest in prosecution so that it did not outweigh the defendant's protected liberty interest. *See Sell v. United States*, 539 U.S. 166, 180 (2003). I accepted the magistrate judge's Report and Recommendation, and denied the government's Motion for Involuntary Medication and Treatment. *United States v. Banks*, No. 1:13CR00046, 2015 WL 1932928 (W.D. Va. Apr. 29, 2015).

II.

In his motion to dismiss the pending charges, the defendant contends that dismissal is required by 18 U.S.C. § 4241(d), which provides that upon commitment of a defendant facing prosecution who is found to be incompetent, the person is to be hospitalized for a reasonable amount of time until either his mental condition is so improved as "to permit the proceedings to go forward" or "the pending charges against him are disposed of according to law." *Id.* § 4241(d)(2).

The defendant reads the provisions of § 4241(d)(2) to require that, where the defendant's continued incompetency prevents the proceedings from going forward, the charges must be "disposed of according to law," or, in other words, dismissed. The defendant's interpretation of § 4241(d)(2) — that disposal of the charges "according to law" means the charges must be dismissed in the event of the defendant's continued incompetency — lacks support in the statutory text. To the

-4-

contrary, nowhere does the statute require dismissal of a pending indictment when a defendant is not restored to competency. *United States v. Ecker*, 78 F.3d 726, 728 (1st Cir. 1996). The First Circuit in *Ecker* so concluded, stating that "[t]he statutory silence is not surprising," as it is likely that Congress "intended to leave the decision about the disposition of pending charges to the case-by-case discretion of the prosecutors." *Id.* In sum, § 4241(d) does not require dismissal, and I find that the defendant's motion to dismiss should be denied, at least for the present.

### III.

Instead of dismissal at this time, the government requests that the defendant first be considered for civil commitment under 18 U.S.C. § 4246. That statute permits institution of such proceedings against a person whose sentence is about to expire, or who has had all charges dismissed solely for reasons related to the person's mental condition, or "who has been committed to the custody of the Attorney General pursuant to section 4241(d)." *Id.* § 4246(a).

The defendant meets this latter condition. Moreover, § 4241(d) provides that once it has been determined that the defendant's mental condition has not so improved as to permit the prosecution to go forward, "the defendant is subject to the provisions of section 4246."

Although I am not judging the final outcome, the defendant's history and circumstances show cause to believe that his release would create a substantial risk

of bodily harm to another person.  The Bureau of Prisons evaluators report that he suffers from a serious mental disease or defect.  Moreover, the present charges and the fact that he has been previously convicted of a crime of violence — the murder of his wife — support the government's application.  While the government has the burden of proving by clear and convincing evidence that the defendant should be civilly committed, *id.* 4246(d), at this point it is appropriate to request a further psychiatric examination in order to determine whether the certificate as contemplated by § 4246 should be issued, permitting a hearing on the government's request.  Thus under the circumstances, the defendant's continued commitment is still reasonable.  *See Jackson v. Indiana*, 406 U.S. 715, 733 (1972) (holding that if defendant committed as incompetent is unlikely to improve, "he must be released or granted a [civil commitment] hearing").[1]

IV.

It is accordingly **ORDERED** that the Motion to Dismiss Due to Continued Incompetency (ECF No. 56) is DENIED.  A separate order will be entered directing evaluation of the defendant in connection with 18 U.S.C. § 4246.

---

[1] Moreover, § 4246 does not require that all pending charges be dismissed before a Certificate of Mental Disease or Defect and Dangerousness can be filed.  *United States v. Copley*, 935 F.2d 669, 672 (4th Cir. 1991).

ENTER: September 10, 2015

/s/ James P. Jones
United States District Judge